CONCURRING IN FULL IN THE MAJORITY OPINION
BOYCE F. MARTIN, JR., Circuit
Judge,
joined by KAREN NELSON MOORE, Circuit Judge, concurring in full in the majority opinion.
I join the majority opinion in full and write only to provide context to the factors identified in Judge Sutton’s critique of the municipal-taxpayer standing doctrine. Judge Sutton’s concurring opinion faults municipal-taxpayer standing because, today, the distinction between municipalities and states does not reflect a categorical difference in population size. The concurrence is correct with respect to these population differences. However, large cities and small states are not new to this country. In fact, the population differences between municipalities and states were more pronounced in the Roaring Twenties when the Supreme Court announced the doctrine of municipal-taxpayer standing in Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923), than they are today. The 1920 census reflected that eighty-nine cities were more populous than Nevada, the least populous state at the time. See U.S. Census Bureau, Demographic Trends in the 20th Century, at A- *220 1 (2002), available at www.census.gov/ prod/2002pubs/censr-4.pdf; Population Division, U.S. Census Bureau, Population of the 100 Largest Cities and Other Urban Places in the United States: 1790 to 1990, at Table 15 (Population Division, Working Paper No. 27, 1998), available at www. census.gov/population/www/documentation/ twps0027/twps0027.html. However, as Judge Sutton notes in his concurring opinion, now only thirty-two cities are more populous than the least populous state. Concurring Op. at 221 (Sutton). Similarly, Judge Sutton notes that thirty-nine states presently have populations smaller than the population of New York City. Id. However, in 1920, the number was forty-four. U.S. Census Bureau, Demographic Trends in the 20th Century, at A-l; Population Division, U.S. Census Bureau, Population of the 100 Largest Cities and Other Urban Places in the United States: 1790 to 1990, at Table 15. Although Judge Sutton is correct that many cities are larger than states, because this is not a new phenomenon, I do not believe this requires changes to our well-established doctrine of municipal-taxpayer standing. Moreover, to the extent this data is at all relevant to the issue of municipal-taxpayer standing, these changes suggest that the distinction between standing based on being a resident of a state and a municipality is more pronounced now than it was previously.
Similarly, developments in constitutional and prudential standing over the last century also do not warrant such a change. Judge Sutton’s concurrence argues that plaintiffs who were not present in the religious school have not suffered the type of injury against which the Establishment Clause protects. That argument misapprehends the nature of the plaintiffs’ injury. The injury to the plaintiffs was not witnessing the result of the expenditure, but the expenditure itself. Paying taxes that are used to support religion is precisely the type of injury that the Establishment Clause guards against. See Flast v. Cohen, 392 U.S. 88, 103, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (“[T]he same authority which can force a citizen to contribute three pence only of his property for the support of any one establishment, may force him to conform to any other establishment in all cases whatsoever.” (quoting James Madison)). Although the plaintiffs endured their injury alongside all other taxpayers in their municipality, their personal tax payments were particularized losses. The undertone of the concurrence’s argument is that the tax loss suffered by an individual plaintiff is too small to be cognizable. However, even nominal damages suffice for purposes of standing. See Lynch v. Leis, 382 F.3d 642, 646 n. 2 (6th Cir.2004) (applying 42 U.S.C. § 1988 and citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). Additionally, the majority opinion, which Judge Sutton concurs in, holds that whether the unconstitutional disbursement actually saved the taxpayers money is irrelevant in determining standing. Therefore, although the standing doctrine has unquestionably changed, I do not believe these changes have any impact on municipal-taxpayer standing.